**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**SEAN C. WALKER**                                                              **CIVIL ACTION**

**VERSUS**                                                                              **NO. 12-2149**

**DR. LARAVIA, ET AL.**                                                       **SECTION:  "I"(3)**

## REPORT AND RECOMMENDATION

Plaintiff, Sean C. Walker, filed this *pro se* and *in forma pauperis* complaint, pursuant to 42 U.S.C. § 1983, against Dr. LaRavia, Wendy Seal, Taresa Breland, Warden Tanner, and Bessie Carter.  Plaintiff claims that he was denied adequate medical care.

Although this lawsuit was filed in August of 2012, there is no proof in the record showing that the defendants have been served.  Moreover, on January 2, 2013, the Court notified plaintiff of the requirements of Rule 4(m) of the Federal Rules of Civil Procedure and, out of an abundance of caution, ordered that summons be reissued and forwarded to him for service.  It was further ordered that, on or before March 15, 2013, plaintiff file in the record proof that the defendants have been served or show good cause for failing to effect service.  He was expressly warned that failure to comply with that order would result in a recommendation that his complaint be dismissed without prejudice pursuant to Rule 4(m).[1]  Plaintiff did not comply with the order.

---

[1] Rec. Doc. 5.

In pertinent part, Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – *must* dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m) (emphasis added).

More than eight months have elapsed since this lawsuit was filed.  Despite the passage of that extended period of time, there is no evidence that plaintiff has effected service on the defendants.  Because plaintiff was granted pauper status in this lawsuit,[2] he was, of course, entitled to have service effected by the United States Marshal.  Fed.R.Civ.P. 4(c)(3).  However, he did not bother even to complete the necessary paperwork for the United States Marshal to effect service on his behalf.[3]  Dismissal is appropriate when, as here, service has not been effected due to the fault or inaction of a plaintiff proceeding *in forma pauperis*.  See Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987); see also Clay v. Allen, 87 Fed. App'x 1000 (5th Cir. 2004); Pines v. St. Tammany Parish Prison, Civ. Action No. 09-3113, 2009 WL 3347384, at *2 (E.D. La. Oct. 14, 2009).

Despite having received express notice that a recommendation to dismiss the complaint would issue unless he filed in the record proof that the defendants had been served or showed good cause for failing to effect service, plaintiff has done neither.  Accordingly, this Court finds that dismissal of the complaint is now appropriate.

---

[2] Rec. Doc. 3.

[3] Rec. Doc. 7.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed.R.Civ.P. 4(m).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this sixth day of May, 2013.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.